Carutiiers, J.,
delivered the opinion of the Court.
James M. Crutchfield made his will, and died in Wilson county, in 1846, leaving Elizabeth B., his widow, and two children, Nancy E. and Richard T. The complainant is the son and only child of Elizabeth B. by her first husband.
The will, after the payment of all the debts and expenses of administration, gives all his land, slaves and other property to his widow, for her own support and the support and education of his two children, during her life or widowhood. But, “ If she should marry before the death of my children, Richard T. and Nancy E., then, in that event, all my prop-erfy to be equally divided between my rvife and my children.” Again, he says, “ but if she should marry, then she is to give up the possession of all my property, which is to be divided as above directed.”
The widow intermarried with James Bashaw in June, 1850, and died in October, 1851. Her son, Richard T., died unmarried and intestate, in 1857.
In this state of facts this bill is filed to settle the rights of the parties in view of the events which have happened. This requires a construction of the will. We think the meaning of the testator is plain, notwithstanding a plausible argument is made against our view. At the termination- of her widowhood, she was to be deprived of the use and possession of all his property, which she w'as otherwise to enjoy for life; but, as a compensation for that, she was to have one-third of the whole in fee, the two children then being alive, she was to be made equal to her children in the division. Her interest in her equal share was not limited, or in any way qualified. The idea of a life estate is entirely dropped in that event. It cannot be supplied from any thing in the will. There is nothing to show' that he intended to give her any less estate than the *454 children. “ All my property to be equally divided between my wife and children.” If they get a fee in their thirds, so must she in her’s. The same words apply to both. ' There is no other part of the will to control the construction.
Then, upon the marriage of the widow, she became owner of one undivided third of the land, as well as other property in fee simple, and Richard, and defendant Haney, the other two-thirds. At her death in 1851, intestate, her one-third, being then free from the control of the will, would go to her heirs under the statute of descents, to all her children alike, that is, one-third to complainant, and the other two-thirds to her Crutchfield children. This would entitle the complainant to one-ninth of the whole tract, that being one-third of bis mother’s third. At the death of Richard, his original one-third, under the will of his father, would descend to his sister of the whole blood, to the exclusion of his brother, the complainant, of the half-blood, as he is not of the line of the transmitting ancestor. Rut as to the one-third of his mother’s interest, inherited from her at her death, by Richard, that would go equally to complainant and the surviving sister — that is, each would be entitled to one-half of that ninth. This would, perhaps, be equal to one-sixth of the whole, as decreed by the Chancellor. It would follow, that the complainant would be entitled to one-ninth of the rents from the death of his mother to the death of Richard, and from that time to one-sixth.
The limitation over to Mrs. Williamson is too remote, and, therefore, void. The decree will be in all things affirmed, and the case remanded for its execution.